ANNE DEETKIN, Appellee, v. FRANK R. SCHOLES et al.,
Appellants.

**FRAUD:** **Measure of Damages—Agreed Value as Basis.**   The jury may
1   compute the damages for fraudulent representations in the sale of
a stock of goods on the basis of the difference between the actual
value of the goods and *what defendant represented them to be worth.*

**FRAUD:** **Scienter—Evidence.**   Evidence reviewed, and held to amply
2   justify the submission of the issue of scienter.

FRAUD: Value as Actionable Representation. A knowingly false rep-
3  resentation as to value, made for the purpose of being acted upon,
  is actionable.

*Appeal from Pottawattamie District Court.*—EARL PETERS,
Judge.

APRIL 4, 1922.

ACTION at law for damages, based upon alleged false and
fraudulent representations, inducing an exchange of properties.
There was a verdict in the court below for $3,500, which the court
reduced to $2,000, and caused judgment to be entered therefor.
Defendants appeal.—*Affirmed.*

*Kimball, Peterson & Smith,* for appellants.

*Robertson & Robertson* and *Hugh P. Finerty,* for appellee.

STEVENS, C. J.—On or about September 4, 1918, the plain-
tiff and appellee herein, Anne Deetkin, and her husband, and
the defendant Frank R. Scholes entered into a contract in writ-
ing, by the terms of which appellee agreed to convey certain
described real property in Council Bluffs, Iowa, subject to
designated incumbrances thereon, to appellants for certain fix-
tures and a stock of goods consisting of cigars, tobacco, confec-
tionery, news, books, papers, and magazines, located at 552
West Broadway, Council Bluffs, Iowa. The contract further
provided that Frank R. Scholes should not engage in the retail
news business in Council Bluffs for a period of one year from
October 1, 1918, within a distance of two blocks of 552 West
Broadway, and that he would assign the lease to the building
at said number. These provisions of the contract were all com-
plied with, and deeds were executed by appellee and her hus-
band conveying the real property, as agreed in said contract, and
a bill of sale was executed by appellants, conveying the fix-
tures and stock to appellee. The papers were exchanged on or
about October 1st, and appellee entered into possession of the
stock of goods. The consideration expressed in the bill of sale
is $4,500.

Plaintiff alleged in her petition that she was without experience or knowledge of the business conducted at 552 West Broadway; that she did not know the value of the fixtures or stock; that she informed defendants that she was wholly ignorant as to the value of the stock and fixtures and of the business, and that she would rely upon their statements and representations in relation thereto; that defendants thereupon stated and represented to her that the fixtures and stock were of the reasonable value of $4,500; that the average gross, daily income from the business was $37 per day; that all boxes in the building were filled with goods, and that the tobacco was fresh. She alleges that, in truth and in fact, all of said representations were false and untrue; that a portion of the tobacco was wormy; that some of the boxes were empty; that the stock was not worth to exceed $125, and the fixtures not to exceed $173.85; and that the average daily gross income was materially less than $37 per day. The answer of defendants admitted the execution of the several instruments of writing and the consummation thereof by the delivery of possession of the respective properties, and denied generally and specifically the remaining allegations of the petition.

At the conclusion of plaintiff's testimony, and again at the close of all the evidence, appellants moved the court to withdraw certain issues from the jury, and to direct a verdict for the defendant Elmira Scholes. The plaintiff voluntarily withdrew certain issues, and the motion was overruled. The jury returned a verdict for $3,500, which was reduced by the court to $2,000.

All but one or two of the errors assigned, which will be noted later, are based upon the submission of certain instructions by the court to the jury. While exceptions were taken to the giving of these various instructions, they do not challenge their correctness as abstract statements of law, but assert only that they were not warranted by the evidence.

Briefly stated, it is the contention of appellants that it was error for the court to submit the case to the jury, for the reason that the evidence failed to show the value of the business conveyed to plaintiff; that the court erred in submitting the question of scienter to the jury, for the reason that plaintiff's evidence

fixed the value of the goods on hand and the income therefrom after she had taken possession thereof, and not at the time she claimed the alleged false representations were made; that whatever statements and representations as to the value of the stock and fixtures were made by the defendants amounted to no more than the mere expression of opinion, and not to statements of fact; that Instructions 7 and 8 assumed matters not established by the proof; that the court erred in submitting as the measure of damages the difference between the fair and reasonable market value of the property as it was and as it would have been if it had been as represented, for the reason that there was no evidence from which the jury could find the latter value.

The only error assigned in the ruling upon the motion made at the close of plaintiff's evidence, and renewed at the close of all the evidence, is the failure of the court to direct a verdict in favor of Elmira Scholes.

I. Plaintiff, testifying in her own behalf, stated that the value of the merchandise was $125, of the fixtures, $173.85, and of the good will of the business and of the lease for the unexpired term, nothing. She admitted, however, that she sold the lease for $300. She also testified to the gross daily income from the business after she took charge thereof. Appellant Frank Scholes testified, and offered documentary evidence to corroborate him, that the average gross income of the business for the year preceding October 1, 1918, was in excess of $37 per day. Neither this testimony nor that of appellee as to the income from the business after she took charge is contradicted.

1. FRAUD: measure of damages: agreed value as basis.

Appellants offered evidence tending to show that the unexpired lease had a market value of $2,000. The testimony of appellee as to the value of the stock and fixtures is also undisputed. The claim and theory of appellants upon the trial seem to have been that the consideration of $4,500 included the fixtures, stock, good will of the business, and the unexpired lease to the premises. They did not so plead in their answer, nor did they request instructions submitting the case to the jury upon this theory, nor was the charge of the court excepted to upon the ground that it did not include appellants' theory of the

case. Testimony was offered which tended to sustain appellants' theory of the transaction. In fact, the contract provided:

"For and in consideration of the mutual agreements contained in this contract, the second party above named does hereby agree to sell and transfer to first party the stock of goods, fixtures, good will of the business and unexpired term of the lease in the matter of the retail business now run and conducted by second party at No. 552 West Broadway, Council Bluffs, Iowa."

Appellee offered no evidence for the purpose of showing the value of the stock if it had been as represented. Appellants therefore argue that, even conceding the actual value of the stock and fixtures to have been as claimed by appellee, the jury, in the absence of evidence tending to show the value of the property, could not possibly have computed the damages. On the other hand, appellee contends that, as the representations complained of were of the value of the stock and fixtures, the jury was warranted in using the represented value as the minuend. The court, in stating the issues, referred to the alleged representation of appellants as to the average gross income of the business; but the measure of damages submitted to the jury was the difference in the value of the property as it was and as it would have been if as represented. It is possible that the recovery of appellee might have been increased, had she shown what would have been the value of the business if it had, in fact, yielded an average gross income of $37 per day; but, as she elected to rely, for recovery, solely upon the difference between the fair market value of the stock and fixtures and the agreed value thereof, that question is not before us. No invoice was taken of the stock or fixtures, and it would have been a mere formality for counsel to have offered evidence to prove the value of the property if it had been as represented. The representations complained of and submitted to the jury were as to value only. Surely, appellants cannot complain because plaintiff asked only to recover the difference between the actual and agreed value of the property. *Davis v. Walker*, 191 Iowa 1268.

The measure of damages was correctly stated in Instruction No. 14, and the jury had a right to take the represented value

as the minuend from which to deduct the actual value of the stock and fixtures, as shown by the evidence.

II.   The evidence clearly established scienter.  Appellants were, and had been for a considerable time prior to October 1, 1918, engaged in the business, both at wholesale and retail, and

2. FRAUD: scien-
ter: evidence.

must have known substantially the value of the stock and fixtures.  They were in possession, and conducted the business personally.  Appellee's testimony as to value is not disputed by appellants.  It is suggested in this connection that the court erred in instructing the jury that it was sufficient, if the defendants, at the time of making the representations, knew of the falsity thereof, or if the representations were made as statements of fact within their own knowledge, even though they did not know them to be true.  The instruction is not subject to criticism, and fully regarded the issues. Upon this point, appellee testified as follows:

"He said the value of this stock of goods and property that he proposed to trade me was $4,500, and I told him I absolutely had no experience in business; that I had never had any experience in that kind of property that he was proposing to trade me. They told me that I could depend upon their word, and that the business and stock were just as they represented them."

Appellants' contention upon this point is without merit.

III.   It is also asserted by appellants that the alleged statements and representations as to the value of the stock and fixtures and of the income that same would yield in the future

3. FRAUD: value
as actionable
representation.

were mere expressions of opinion, for which no recovery may be had.  Ordinarily, statements as to value are understood and treated as mere expressions of opinion; but we have repeatedly held that, where a vendor makes representations and statements as to the value of property, knowing the same to be false, and intending that same shall be acted upon as true, and not merely as the expression of an opinion, such representations are actionable. *Mattauch v. Walsh Bros.*, 136 Iowa 225; *Murray Bros. v. Keesey,* 183 Iowa 739; *Hetland v. Bilstad,* 140 Iowa 411; *Van Vliet Fletcher Auto. Co. v. Crowell,* 171 Iowa 64; *Creamer v. Stevens,* 192 Iowa 920.  The court in its instructions wholly disregarded the representations as to the future income of the business.

The jury was fully warranted in finding that, if appellants represented the stock and fixtures to be of the value of $4,500, they not only intended the same to be accepted by appellee as the statement of a fact, but also, if their testimony is true, knew that she was relying thereon.

Other matters complained of are without substantial merit. It is claimed that the court erred in fixing the time at which the value of the property was to be taken. The court did not, in its instructions, attempt to fix the time when the representations were made; but the whole deal was consummated within a few days after the negotiations were begun, by the execution of the deeds and bill of sale and the delivery of possession. Appellants were in charge of the business until the exchange was completed, and made no claim that the stock was depreciated during the time intervening between the date of the contract and the final consummation of the transaction. The court instructed the jury to allow interest at 6 per cent from October 1, 1918, if it found for plaintiff.

It is further contended that the court erred in giving Instruction No. 11, relating to circumstantial evidence. Whether it was necessary or not for the court, in submitting the issues to the jury, to give this instruction, is immaterial. It could not have been prejudicial to either party.

As stated, the court overruled the motion of Elmira Scholes for a directed verdict in her favor. The correctness of this ruling is challenged. According to the testimony of appellee, the defendants joined in all of the representations complained of. The question was for the jury.

We have examined the record with care, and, as no error is found, the decree and judgment of the court below are— *Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.